UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16CR47 |
| | ) | |
| KENNETH J. DEINES, | ) | |
| | ) | |
| *Defendant*. | ) | |

## GOVERNMENT'S POSITION ON SENTENCING

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the Presentence Investigation Report (PSR) prepared by the United States Probation Officer.   After reviewing the PSR and applying the factors of Title 18, United States Code, Section 3553(a) to this case, the government would argue that defendant's advisory U.S.S.G. range is 46 to 57 months. The government contends that a sentence of 46 months' imprisonment, the low end of the U.S.S.G. range, is sufficient, but not greater than necessary to accomplish the statutory goals of sentencing.

## I.       The United States Has No Objections to the PSR

The United States hereby represents that it has no objections to the facts, the findings or to the calculations of the PSR.   The United States does not intend to call witnesses or present evidence at the sentencing hearing.

Defendant Deines, though counsel, argues that defendant's Offense Level should be decreased by four levels, based on his minimal roll in the offense, pursuant to U.S.S.G. § 3B1.1.2, citing Application Note 3(A), which reads, in part: "A defendant who is accountable under § 3B1.1.3 for a loss amount under § 2B1.1 . . . that greatly exceeds the defendant's personal gain from a fraud offense . . . may receive an adjustment under this guideline."   Nevertheless, the

government contends that defendant had neither a minimal nor a minor role in the offense, and therefore he should get no aggravating or mitigating role adjustment for role in the offense.   The government is aware that from in or around 2004 to in or around 2015, the defendant was the Comptroller for Firm G.   During that time, defendant conspired with KDB and PAM, the owner of Firm G, to create fraudulent invoices and launder money through KDB's Company A and Company B, which resulted in approximately $7.5 million being returned to Firm G and NCLLC. Deines prepared the false invoices and calculated the payments to his Firm G financial colleagues to wire funds to KDB relating to the fraudulent invoices.   While it is true that defendant did not obtain any money through the fraud scheme, he was one of the three co-conspirators who enabled the fraud scheme to continue over a ten-year period, resulting in millions of dollars in losses to the government.   During that same time period, defendant was also involved with others in a $5 million scheme to defraud the government and prime contractors, and thereafter secured the fraudulent funds into the NCLLC, where they are believed to be secured in financial institutions.

In addition to the above, Application Note 3(B) to § 3B1.2 provides that a defendant should ordinarily not receive a mitigating role adjustment if he or she benefitted from a reduced offense level by virtue of having been convicted of an offense that was "significantly less serious" than warranted by the actual offense conduct.   Courts have applied this note, for example, to deny the adjustments where, by virtue of the offense of conviction, the defendant's base offense level reflected only his or her own conduct and not the broader conspiracy in which the defendant participated.   Notably, courts have also interpreted Note 3(B) as applicable to any case in which the defendant's base offense level does not reflect the entire conspiracy, regardless of the offense of conviction.

Defendant has clearly demonstrated acceptance of responsibility (AOR) for his offense. He thus qualifies for an additional one-level reduction, for a final AOR of -3 offense levels.

**II.**      **A Sentence of 46 Months of Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision.   *Id.* at 264.   The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 128 S. Ct. 558 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence."   *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors.   *Id.* at 596-97.   The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence."   *United States v. Simmons*, 269 Fed. App'x 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

3

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying these sentencing factors to the facts of this case demonstrates that a sentence of 15 to 21 months of incarceration is appropriate and reasonable.

  A. <u>Nature and Circumstances of the Offense</u>

The facts as laid out in the PSR demonstrate that the defendant engaged in a long-term conspiracy to defraud the United States of and concerning its governmental functions and rights. This conspiracy involved a defense subcontracting contracting firm (Firm G) and its owners and employees, including the defendant and another individual (KDB) in Virginia who owned Company A and Company B. It was part of the conspiracy that the codefendants would, by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the Defense Department, in that the codefendants would document false and fictitious invoices to be recorded in the Firm G accounting system, knowing that such claims were, in fact, false and would eventually be presented to the U.S. government. It was further a part of the conspiracy that Firm G would bill government contractors for work and services that were never performed by Companies A and B, and thereafter used money received from the government to make fraudulent payments on falsified Company A and Company B invoices to Firm G. These fraudulent payments were laundered through Company A and Company B, and were ultimately deposited into a NCLLC. It was further a part of the conspiracy that these fraudulent payments were documented in

fictitious invoices generated in the names of Companies A and B which requested payment from Firm G for various work and services. It was further a part of the conspiracy that the coconspirators allowed the amounts indicated on each of these fictitious invoices to be recorded in the Firm G accounting system knowing that such claims were, in fact, false and would eventually be presented to the U.S. government.   As a consequence, defendant and his co-conspirators defrauded the U.S. government of at least $13,279,236.06 and owes restitution in the same amount.

That being said, defendant did not seek to obtain any money for his own benefit or his family from this conspiracy, other than his regular salary.   Defendant has been highly cooperative in debriefings the special agents and AUSAs regarding the conspiracy.   He has traveled to debrief the agents on at least four separate occasions, two of which were day-long debriefs.

     B.    <u>History and Characteristics of the Defendant</u>

The defendant is a 46-year old Canadian citizen who is a married male with three adult step-children.   He graduated from high school in Calgary, Canada, and later graduated from the University of Calgary with a Bachelor of Commerce in 1998.   He relocated to the United States in North Carolina in 2001 and was married to his current wife.   He did not attempt to become a naturalized U.S. citizen.   Defendant was employed with Firm G from November 2001 to January 2016 and was the Corporate Comptroller with the firm from 2004 to January2016, when he resigned as a result of his criminal conduct.   The defendant has no criminal history, and is properly categorized as a Criminal History Category I.   The defendant also appears to be in good physical condition and has no history of substance abuse.   Defendant and his wife have been financially stable.

C.    Other Relevant Factors

Title 18 U.S.C. § 3553(a)(2) states that the court should fashion a sentence that will serve the various purposes of sentencing.   All of the stated considerations are of course relevant, but given the pattern of conduct exhibited by the defendant, the government emphasizes the need for the sentence to provide just punishment and afford adequate deterrence.   As stated above, defendant has victimized the U.S. government by fraudulent pretenses.   The punishment should take into account this type of harm done to the government.   With regard to deterrence, the government's is probably unlikely to return to fraudulent criminal activity to pay off his substantial debts.   Since the defendant is the first coconspirator who has entered a guilty plea in this matter, there is no need for unwarranted sentencing disparities.   The government's position is that a sentence of 46 months would be appropriate.   Furthermore, the Court must consider the societal goal of general deterrence.   A guideline sentence is necessary to achieve this goal.   Overall, the sentence imposed should reflect the economic costs the public is forced to bear in order to prevent the theft of government funds, repair damage done to the victims' identities, and to detect and deter fraudulent behavior.   The defendant is likely to be deported to Canada once he has completed his sentence.

The government asks the Court to allow defendant to self-report to an appropriate FCI. The government further requests to allow defendant a lengthier period of time to self-report, since KDB, an important co-defendant has agreed on October 24, 2016 to file a Criminal Information. The cooperation of both defendants would be helpful to the prosecution's case.

III.    **Conclusion**

For these reasons, as well as those to be articulated during the sentencing hearing on this matter, the United States respectfully requests that the Court sentence the defendant to 46 months of imprisonment.

DANA J. BOENTE
UNITED STATES ATTORNEY

By:           /s/
           Stephen W. Haynie
           Assistant United States Attorney
           Attorney for the United States
           United States Attorney's Office
           101 West Main Street, Suite 8000
           Norfolk, Virginia 23510
           Office Number (757) 441-6331
           Facsimile Number (757) 441-6689
           E-Mail Address – steve.haynie@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Kearns Davis
150 Fayette Street
1600 Wells Fargo Capitol Center
Raleigh, NC 27601
kdavis@brookspierce.com

I further certify that on the 27th day of October 2016, a true copy of the foregoing government's response was sent via electronic mail copy to:

David S. Simon
United States Probation Office
701 E. Broad Street, Suite 1150
Richmond, Virginia 23219

_____/s/_____
Stephen W. Haynie
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address – steve.haynie@usdoj.gov
